UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DANIEL WALKER,

      Plaintiff,

      v.                                 Case No. 24-cv-11093

                                         Paul D. Borman
                                         United States District Judge

KIM CARBOR, ET. AL.,

      Defendants,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S *PRO SE* CIVIL RIGHTS COMPLAINT (ECF NO. 1)

### I. INTRODUCTION

This matter is before the Court on Plaintiff Anthony Daniel Walker's *pro se* civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Lakeland Correctional Facility in Coldwater, Michigan. The Court has reviewed the complaint and now **DISMISSES** it for failing to state a claim upon which relief can be granted.

### II. STATEMENT OF FACTS

Plaintiff alleges that on November 6, 2023, he was ambushed and assaulted by three inmates while he was incarcerated at the Cotton Correctional Facility in Jackson, Michigan. Plaintiff does not allege that these inmates had previously

1

threatened or assaulted him or that he had alerted prison officials that the inmates posed a danger to him. Plaintiff was hospitalized for his injuries.

On November 27, 2023, Plaintiff was released from the hospital back to the Cotton Facility. Plaintiff was informed that the three inmates who assaulted him had been "rode out," i.e., sent to another prison. After a few days, Plaintiff was placed back in general population. Although unclear from the Complaint, it appears that Plaintiff was initially placed in protective custody upon his return from prison, as he seeks monetary damages for the time spent in protective custody or segregation.

A few days after his release into the general population, Plaintiff was getting his medication when he was confronted by two of the inmates who assaulted him as well as several other inmates. When Plaintiff reported this to Defendant Crane, Crane spoke loud enough for all the inmates in the area to hear Plaintiff's allegations. Crane told Plaintiff there was nothing that he could do for Plaintiff and advised him to stay in his cell. Plaintiff subsequently reported the incident to his counselor who passed the information on to higher authorities. Plaintiff claimed he had received a head injury in the earlier assault and feared a brain injury if assaulted again. Plaintiff claims that Defendant Marienfield, the Hobby Craft Director, blurted out in a public area that Plaintiff had been assaulted by three inmates but that he could not help him. Plaintiff claims he also reported the prior assault and the subsequent confrontation with two of the inmates to a prison inspector and Resident Unit Manager, who

directed him to write a grievance. Plaintiff also spoke with Warden Carbor, who was aware of the threat but told Plaintiff she could do nothing about it. Plaintiff finally spoke with the prison ombudsman. The following day, Plaintiff was "rode out" or transferred to another prison. Plaintiff seeks damages based on the defendants' failure to protect and for the time in protective segregation.

### III. STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

3

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## IV. DISCUSSION

Plaintiff's Complaint is subject to dismissal for several reasons. Plaintiff's main allegation is that the Defendants failed to protect him from being threatened or assaulted by other inmates.

4

In order to sufficiently plead a claim involving a failure to protect, a prison inmate must initially show that the failure to protect from risk of harm is objectively "sufficiently serious." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). The inmate must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* An inmate must also establish that prison officials acted with "deliberate indifference" to an inmate's health or safety. *Id.* (citing *Farmer*, 511 U.S. at 834). A prison official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 767 (quoting *Farmer*, 511 U.S. at 837). Nonetheless, "a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it." *Id.* (citing *Farmer,* 511 U.S. at 841–42).

With respect to the physical assault on Plaintiff on November 6, 2023, Plaintiff fails to state a claim for relief because he does not allege that these inmates had previously assaulted or threatened him, nor does he allege that he informed prison authorities that these inmates posed a danger to him. "An Eighth Amendment claim will not lie when a plaintiff fails to allege that another inmate threatened him and that he communicated those threats to prison officials." *Davis v. Chorak*, 624 F.

Supp. 3d 870, 880 (W.D. Mich. 2022), *aff'd*, No. 22-1839, 2023 WL 2487339 (6th Cir. Mar. 14, 2023). There is nothing in the Complaint to suggest that the Defendants were aware that Plaintiff would be attacked by these inmates on November 6, 2023. Finally, Plaintiff does not allege that he belongs to a particular class of inmates or displayed a characteristic that made him vulnerable to attack by predatory inmates in the prison setting. *Id*. at 881 (citing to *Bishop*, 636 F.3d at 767–68).

With respect to Plaintiff's subsequent confrontation with the inmates who had previously assaulted him, the Complaint must be dismissed because Plaintiff failed to allege that he suffered any physical injury based on the Defendants' failure to protect him from any further threats by these or other inmates.

42 U.S.C. § 1997e(e) precludes claims "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id*. A district court can summarily dismiss a civil rights complaint brought by a prisoner who claims emotional or mental injuries without alleging any physical injury. *See Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383–84 (6th Cir. 2001).

Plaintiff alleges that the Defendants failed to protect him from further threats from these inmates, but he does not allege any physical injury. Rather, he only alleges that he suffered anxiety and stress from these threats. Plaintiff is unable to obtain monetary relief on this failure to protect claim because he does not allege any physical injury. *See Tribe v. Snipes*, 19 F. App'x 325, 326 (6th Cir. 2001); *see also*

*Wells v. Jefferson Cnty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1010 (S.D. Ohio 2001), *aff'd*, 35 F. App'x 142 (6th Cir. 2002).

In addition, Plaintiff has not specifically requested injunctive relief, but any such request is now moot because he has been moved to another prison. *See Martinez v. Lueva*, 174 F. App'x. 235, 237 (5th Cir. 2006) (inmate who had already been transferred to another unit in the prison was not entitled to injunctive relief in connection with his § 1983 claim that prison officials failed to protect him from harm by refusing to relocate him away from his enemies).

Finally, Plaintiff fails to state a claim with respect to his placement in protective custody or segregation upon his return to prison from the hospital. A prisoner does not possess an inherent constitutional right to be released from protective custody upon his request. *Howard v. Grinage*, 6 F.3d 410, 412 (6th Cir. 1993), *effectively overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (a prisoner has no protected liberty interest in a particular security classification). It is enough that the Plaintiff's segregation did not, by itself, pose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484. Plaintiff implicitly acknowledges that prison officials had a legitimate reason for placing him in protective custody. Plaintiff fails to state a claim upon which relief can be granted.

In short, Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be granted. Furthermore, since Plaintiff's Complaint lacks any arguable basis in law, this Court certifies that any appeal by him would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

## V.  CONCLUSION

It is **ORDERED** that Plaintiff's Complaint is summarily **DISMISSED** for failing to state a claim upon which relief can be granted**,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

It is further **ORDERED** AND **CERTIFIED** that any appeal taken by the Plaintiff would not be done in good faith.

**SO ORDERED.**

s/ Paul D. Borman
Hon. Paul D. Borman
United States District Judge

Dated: May 30, 2024

8